Affirmed and Opinion filed March 17, 2005









Affirmed and Opinion filed March 17, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01338-CV

_______________

 

ANGELICA HARO, INDIVIDUALLY AND AS NEXT FRIEND OF 

HER MINOR SON, LUIS GONZALEZ, JR., and LUIS GONZALEZ,
SR., Appellants

 

V.

 

UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellee

________________________________________________________________

 

On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 01‑10184

________________________________________________________________

 

O P I N I O N

 

In
this insurance indemnity dispute, Angelica Haro, individually and as next
friend of her minor son, Luis Gonzalez, Jr. (collectively, AHaro@), and Luis Gonzalez, Sr. (AGonzalez@) appeal a summary judgment in favor
of Universal Underwriters Insurance Company (AUniversal@) on the grounds that an automobile
dealer=s garage insurance policy covered the
liability of a driver and passenger arising from a test drive of a dealership
vehicle.  We affirm.








Background

Luis
Gonzalez, Jr., was seriously injured while riding on his father=s lap in a vehicle Daniel Rodriguez
was test-driving from Landmark Chevrolet (ALandmark@). 
In a previous lawsuit, Haro recovered against Rodriguez, and Rodriguez
was awarded a right of contribution against Gonzalez for a portion of the
damages.  In this lawsuit, Haro and
Gonzalez sought coverage under Landmark=s two insurance policies with
Universal (the Apolicies@) for their liability to Haro.  The parties filed cross motions for summary
judgment, and Universal was granted a take-nothing summary judgment.

Standard of Review

A
summary judgment may be granted if the motion and summary judgment evidence
show that, except as to the amount of damages, there is no genuine issue of
material fact and the moving party is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c).  In reviewing
a summary judgment, we take as true all evidence favorable to the nonmovant and
indulge every reasonable inference and resolve any doubt in the nonmovant=s favor.  Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 157 (Tex. 2004).  Where
both parties move for summary judgment and the trial court has granted one motion
and denied the other, we review the summary judgment evidence presented by both
sides, determine all questions presented, and render the judgment that the
trial court should have rendered.  Tex. Workers= Comp. Comm=n v. Patient Advocates of Tex., 136 S.W.3d 643, 648 (Tex.
2004).  We affirm a summary judgment if
any of the theories presented to the trial court and preserved for appellate
review are meritorious.  Joe, 145
S.W.3d at 157.

Coverage Issues

Rodriguez








Haro=s sole issue asserts that Rodriguez=s liability was within the Agarage operations@ coverage of Landmark=s Universal policy number 190462 (A190462@). 
Universal=s motion for summary judgment asserted that this coverage did
not apply to Rodriguez, among other reasons, because he did not fall within the
definition of an Ainsured@ for that type of coverage.[1]  Haro contends that Rodriguez was nevertheless
an insured for that coverage because the policy did not exclude him from it in
the manner required by the following portion of article 5.06-2(2) of the Texas
Insurance Code:

A policy of garage insurance may contain a provision
to the effect that garage customers are not insureds under the garage insurance
policy and that the garage insurance shall not apply to garage customers,
except to the extent that other valid and collectible insurance, if any,
available to the garage customer is not equal to the financial responsibility
limits. . . .  Any garage insurance
policy containing such a provision shall not cover garage customers except to such
extent . . . .

 

Tex. Ins. Code Ann. art. 5.06-2 (Vernon 1981).  Haro
argues that this provision allows a garage insurance policy to exclude a garage
customer from coverage only if it provides an exception that applies where the
insurance available to the customer is below financial responsibility
limits.  Because the garage operations
coverage under 190462 has no such exception, Haro contends that it does not
validly exclude garage customers, such as Rodriguez; therefore he is covered.

However,
for purposes of article 5.06-2(2), the Apolicy of garage insurance@ in this case is 190426, and, as Haro=s brief acknowledges: (1) the garage
insurance coverage under 190426 includes both Agarage operations@ and Aauto hazard@ coverages; (2) these two areas of
coverage within the policy overlap somewhat so that a given occurrence might
fall under one, both, or neither, as the case may be; and (3) Rodriguez=s test drive fell within the auto
hazard coverage of the policy, which contains an express article 5.06-2(2)
exception.  Because the policy of garage
insurance includes both the auto hazard and garage operations coverage, its
exclusion of garage customers, such as Rodriguez, from its garage insurance
coverage is subject to an article 5.06-2(2) exception and, thus, does not
invalidly exclude them.  Therefore, Haro=s issue is overruled.








Gonzalez

Universal=s motion for summary judgment also
asserted that Gonzalez=s liability was not covered by the policies because he was
not within their definition of an Ainsured.@ 
Gonzalez=s sole issue on appeal contends that he is an insured under
the policies based on the following four-step argument.  First, the Aauto hazard@ coverage of the policies define an Ainsured@ to include, A[a]ny other person . . . required by
law to be an insured while using [a covered auto] within the scope of [Landmark=s permission].  

Second,
article 5.06(1) of the Texas Insurance Code provides that:

The Board shall adopt a policy form and endorsements
for each type of motor vehicle insurance subject to this subchapter.  The coverage provided by a policy form
adopted under this subsection is the minimum coverage that may be provided
under an insurance policy for that type of insurance in this State. 

 

Tex. Ins. Code Ann. art. 5.06(1) (Vernon Supp. 2004-2005). 
Pursuant to this requirement, the Texas State Board of Insurance
approved a standard form (the Astandard form@) for garage insurance, which includes among the definition
of an insured, A[a]nyone else while using with your permission a covered auto
. . . .@ 
Therefore, according to Gonzalez, the inclusion of this definition in
the Board-approved standard form means that such a person is required by law to
be an insured, and thereby falls within the foregoing definition of an insured
in the Universal policies.  Third,
Gonzalez contends that he was a permissive user of a covered auto under the
policies; and, therefore, fourth he was a person required by law to be an
insured for purposes of the auto hazard coverage in the policies.








However,
to whatever extent article 5.06(1) and the standard form indicate what coverage
must be included in a garage insurance policy, if one is issued, neither of
them, nor any other authority Gonzalez cites, establishes that garage insurance
is ever required by law to be obtained by anyone under any circumstances, or
that a passenger in a vehicle, such as Gonzalez, is required by any law to be
insured otherwise.  In other words, even
if Gonzalez is within the scope of coverage in the standard form, he is not
thereby a person required by law to be an insured unless the insurance
described in the standard form is somehow required by law to be obtained.

In
addition, to adopt Gonzalez=s reasoning would, in effect, be to: (1) hold that a
determination of who is required by law to be an insured is, in turn, dictated
by the type of insurance coverage that is voluntarily obtained, rather than any
legal requirement specifying circumstances in which insurance coverage must
exist in the first place; and (2) legislate that passengers in vehicles covered
by garage insurance are legally required to be insured even though the
Legislature has not seen fit to do so, no guidance would exist regarding the
levels of insurance coverage required or other parameters of the requirement,
and passengers in other vehicles would be subject to no such requirement.  Finding no legal authority or rationale to
support such a decision, we overrule Gonzalez=s issue.  Accordingly, the judgment of the trial court
is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Opinion filed March 17, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

 

 











[1]           For a
corporate policy holder, such as Landmark, each of the policies listed as
insureds for garage operations the policy holder, its employees, directors,
officers, and shareholders while acting in the scope of their duties as such.